UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| TINA MOORE, individually, and as surviving spouse of Harold Sheffield, and for Jaycee Lee Moore as child of Harold Sheffield, deceased, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV423-259 |
| EAST GEORGIA HEALTHCARE CENTER, INC., and PHYLLIS SOLOMON, N.P., | ) ) ) ) ) | |
| Respondent. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

The United States of America removed this action from the State Court of Bulloch County, Georgia, pursuant to 42 U.S.C. § 233(c). *See* doc. 1 (Notice of Removal). It has also moved to substitute for the party defendants, doc. 5, and to stay all deadlines in this case, doc. 8. Counsel for Plaintiff has entered his appearance, doc. 9, and informed the Court that Plaintiff does not oppose the Government's motions, doc. 10.[1] The

---

[1] While the Court appreciates counsel's efforts to confirm Plaintiff's non-opposition to either of the Government's pending motions, the form of his notice is not wholly appropriate. The Notice is styled as correspondence addressed to the undersigned. *See* doc. 10. While notices or other informal filings are not prohibited, they should not be presented to judges personally. *Cf. In re Unsolicited Letters to Federal Judges*,

1

Government's Motion to Substitute should be **GRANTED**, as discussed more fully below. Doc. 5. The Government's Motion to Stay is **GRANTED**.[2] Doc. 8. All discovery in this case is **STAYED** pending the District Judge's final disposition of the Motion to Substitute. Upon the District Judge's Order disposing of this Report and Recommendation, the Clerk is **DIRECTED** to **LIFT** the stay.

Substitution of the United States for Defendant East Georgia Healthcare Center, Inc. and Phyllis Solomon is appropriate. The Federal Tort Claims Act (FTCA) provides the exclusive remedy for claims against the United States for the tortious or negligent conduct of its employees. 28 U.S.C. §§ 1346(b)(1), 2679(b). "'When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and

---

120 F. Supp. 2d 1073 (S.D. Ga. 2000). Filing a formal notice on the docket, which contained the same information presented in counsel's letter, would have been the preferred practice here.

[2] The Government's Motion to Stay represents that the Assistant United States Attorney had contacted the attorney who had appeared on Plaintiff's behalf in the State Court and that there was no opposition to its Motion. *See* doc. 8 at 1-2. Although the Court has no reason to doubt the Assistant United States Attorney's representation, prior to Plaintiff's counsel's appearance in this Court, it would have been inappropriate for the Court to have accepted that vicarious consent from a third-party with no formal role in this case. However, the attorney who the Assistant United States Attorney contacted has now entered his appearance. *Compare* doc. 8 at 2, *with* doc. 9. Since the deadline to oppose the Government's Motion has passed, Plaintiff's non-opposition is inferred by operation of the Local Rules. *See, e.g.,* S.D. Ga. L. Civ. R. 7.5. Both the United States' representation and Plaintiff's constructive consent provide independently sufficient grounds to treat the request as unopposed.

Tort Compensation Act of 1988 (commonly called the Westfall Act) empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Seneca v. United South And Eastern Tribes*, 318 Fed. App'x 741, 744 (11th Cir. 2008) (quoting *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419-420 (1995)). "After certification, the named defendant employee is dismissed from the action and the United States is substituted as the defendant; the case is then governed by the FTCA." *Id.*; *see also Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) ("Under 28 U.S.C. § 2679(d)(1), upon the Attorney General's certification of scope of employment, the pending action 'shall be deemed an action against the United States . . . ,and the United States shall be substituted as the party defendant.'"). The Attorney General has delegated certification responsibility to the U.S. Attorneys. *See* 28 C.F.R. § 15.4.

"The [Federally Supported Health Centers Assistance Act of 1995 (FSHCAA)] makes the remedy provided against the United States under the FTCA the exclusive remedy for the medical malpractice of employees or contractors of [the Public Health Service (PHS)]." *Allen v.*

*Christenberry*, 327 F.3d 1290, 1294 (11th Cir. 2003); *see also* 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct."). "In order to be covered under the FTCA, an entity, an employee of the entity, or a contractor of the entity seeking coverage must be deemed an employee of PHS." *Allen*, 327 F.3d at 1294 (citing 42 U.S.C. § 233(g)(1)(A)).

The United States Attorney for the Southern District of Georgia has certified that, at the time of the underlying incident, Ms. Solomon was "acting in the course of her operation and/or employment for the United States." Doc. 5 at 2; *see also* doc. 1-3. The United States Attorney has also certified that Defendant East Georgia Regional Healthcare Center "has been deemed for Federal Tort Claims Act Authorization under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), by grantee United States Department of Health and Human Services, at the time of the incidents alleged in the Complaint." Doc. 1-3 at 1. While this certification does not conclusively establish as correct the

4

substitution of the United States as defendant, *Gutierrez de Martinez*, 515 U.S. at 434, it is *prima facie* evidence the action should be deemed an action against the United States. *See Flohr*, 84 F.3d at 390. The burden is on the Plaintiff to prove the contrary. *Id.* Plaintiff's counsel represents that he "do[es] not have a basis to dispute," the United States Attorney's certification. Doc. 10 at 1.

Accordingly, the United States' Motion to Substitute Party should be **GRANTED**. Doc. 5. The United States should be substituted as the sole defendant pursuant to 28 U.S.C. § 2679(d)(1), and defendants East Georgia HealthCare Center, Inc. and Solomon should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Although neither party has moved for any relief, there is one additional issue that the Court must address. The United States' Notice of Removal states that the underlying action was pending in the State Court of Bulloch County, Georgia. *See* doc. 1 at 1; *see also* doc. 1-1 at 1-5 (State Court Complaint, omitting exhibits). The asserted basis for removal is 42 U.S.C. § 233. *See* doc. 1 at 1. Section 233(c) permits removal of cases "[u]pon certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose . . . to the district court of the United

6

States of the district *and division* embracing the place wherein it is pending . . . ." *Id.* (emphasis added).  Bulloch County, Georgia lies within this Court's Statesboro Division.  *See* 28 U.S.C. § 90(c)(6).

Although the Court has not identified any specific authority construing § 233(c), the language permitting removal under 28 U.S.C. § 1441(a) is effectively identical.  *See id.* (permitting removal "to the district court of the United States for the district and division embracing the place where such action is pending.").  The United States Court of Appeals for the Fifth Circuit confronted a case removed to an improper division, but where jurisdiction was not otherwise in question.  *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).  The court concluded "[t]he existence of [subject matter] jurisdiction makes this case much more akin to an improper venue situation than to one in which there is an actual jurisdictional defect.  The district court thus should . . . transfer[ ] the case to [the proper] division under the authority of 28 U.S.C. § 1406(a), which—in the interest of justice—allows a case to be transferred 'to any other district or division in which it could have been brought.'" *Id.* (quoting 28 U.S.C. § 1406(a)).  Wright and Miller explain that "[a] defendant's failure to

7

remove a case to the correct 'division' . . . is not a jurisdictional defect, but a procedural one, and therefore must be objected to or the defect is waived. Such a procedural defect also may be cured simply by transferring the case . . . to the correct division." 14C Joan Steinman, Mary Kay Kane, *et al.*, Federal Practice & Procedure Juris. § 3732 (Rev. 4th ed. Apr. 2023) (citations omitted).

Given that authority, it appears that the Court might simply transfer this case to the Statesboro Division.[3] However, since it appears that Plaintiff might waive any objection to the venue defect, the Court will not take an action *sua sponte*. To the extent that either party seeks to transfer this case, they remain free to request a transfer by motion.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 13th day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] As noted above, any venue defect created by the United States' removal of this case from the State Court of Bulloch County to this Court's Savannah Division appears waivable. *See, e.g.,* Fed. Prac. & Proc. Juris. § 3732. In the context of removals pursuant to 28 U.S.C. § 1446, waiver of defects in the Notice of Removal occurs no earlier than the thirty-day deadline imposed under 28 U.S.C. § 1447(c). It is not entirely clear whether any such deadline applies to removals pursuant to § 233, though there is some authority that it does. *See Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1121-22 (9th Cir. 2023) (applying § 1447(c) deadline to case removed pursuant to § 233(c)).