```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF GEORGIA
                         SAVANNAH DIVISION
```

| | |
|---|---|
| TINA MOORE, | * |
| Plaintiff, | * |
| v. | *   CV 423-259 |
| UNITED STATES OF AMERICA, | * |
| Defendant. | * |

## O R D E R

Before the Court are the United States of America's (the "United States") motion to correct the Court's January 29, 2024 Order (Doc. 14) and Plaintiff's notice of voluntary dismissal (Doc. 15). For the following reasons, both motions are **GRANTED**.

### I. THE UNITED STATES' MOTION

On January 29, 2024, the Court substituted the United States as the sole defendant, replacing East Georgia Healthcare Center and Phyllis Solomon, NP. (Doc. 13.) The Court's January 29, 2024 Order found substitution proper under 28 U.S.C. § 2679(d)(1). (Id. at 1.) However, the United States contends the correct statute for substitution was 42 U.S.C. § 233(c), (g). (Doc. 14, at 1.) The United States asks the Court to correct the January 29, 2024 Order, pursuant to Federal Rule of Civil Procedure 60(a), to contain the proper statute. (Id.)

Rule 60(a) allows the Court "to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV P. 60(a). "Under this rule, a district court is only permitted to act or correct 'mistakes or oversights that cause the judgment to fail to reflect what was intended at the time.'" Nelson v. PJ Cheese, Inc., No. 4:20-CV-242, 2021 WL 9762981, at *1 (N.D. Ga. Dec. 3, 2021) (quoting Phuc Quang Le v. Humphrey, 703 F. App'x 830, 835 (11th Cir. 2007)). "In other words, a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." Id. (quotation marks and citation omitted).

The Court agrees the proper statute for substitution was 42 U.S.C. § 233(c), (g) because the initial defendants qualify as "public or non-profit private entit[ies]." 42 U.S.C. § 233(g)(1)(A), (g)(4). The Court's January 29, 2024 Order reached the correct conclusion of substitution, but it incorrectly stated substitution was proper to 28 U.S.C. § 2679(d)(1). (Doc. 13.) Based on this, the Court corrects its January 29, 2024 Order and finds the United States was added as the sole defendant based on 42 U.S.C. § 233(c), (g).

## II. PLAINTIFF'S VOLUNTARY DISMISSAL

On February 6, 2024, Plaintiff filed a voluntary dismissal without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1). (Doc. 15.) Plaintiff filed this dismissal before Defendant filed an answer or a motion for summary judgment; thus, the Court finds dismissal proper under Rule 41(a)(1)(A)(i). Thus, Plaintiff's motion for voluntary dismissal (Doc. 15) is **GRANTED** and this matter shall be **DISMISSED WITHOUT PREJUDICE.**

## III. CONCLUSION

Based on the foregoing, **IT IS THEREFORE ORDERED** that the United States' motion to correct the Court's January 29, 2024 Order (Doc. 14) and Plaintiff's notice of voluntary dismissal (Doc. 15) are **GRANTED**. The Court's January 29, 2024 Order is corrected to find the United States was added as the sole defendant based on 42 U.S.C. § 233(c), (g). Furthermore, this case is **DISMISSED WITHOUT PREJUDICE.** The Clerk is **DIRECTED** to **TERMINATE** all motions and deadlines and **CLOSE** this case. Each Party shall bear its own costs and fees unless otherwise agreed.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of June, 2024.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA